# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER WILLIAMS, et. al.,** | : | **CIVIL ACTION** |
| *Plaintiffs,* | : | |
| | : | |
| **v.** | : | **No. 19-35** |
| | : | |
| **MATTHEW T. MEYJES, et. al.,** | : | |
| *Defendants.* | : | |

## MEMORANDUM

## I.    INTRODUCTION

On January 4, 2019, Defendant, Chris Stach, removed the instant action

from the Court of Common Pleas of Northampton County.  ECF No. 1.  All

Defendants consented to the removal.  Currently before the Court is Plaintiffs'

Motion to Remand to the Court of Common Pleas of Northampton County

Pursuant to 28 U.S.C. § 1447(c) (ECF No. 41), Defendant, John Floyd-Jones',

Response (ECF No. 47), Defendant, Scott McAvoy's, Response (ECF No. 48),

Defendant, Chris Stach's, Response (ECF No. 49), and the remaining Defendants'

Joint Response (ECF No. 50).

Plaintiffs' Motion to Remand boils down to two arguments.  Plaintiffs first

argue that, Defendant, Scott McAvoy, is a citizen of Pennsylvania and not a New

York citizen. According to Plaintiffs, because Defendant McAvoy is a

Pennsylvania citizen the forum defendant rule, 28 U.S.C. § 1441(b)(2), requires a

1

remand. In the alternative, if this Court were to find that Defendant McAvoy is a
New York citizen, Plaintiffs argue that remand is required because Defendant
Floyd-Jones is a Pennsylvania citizen and the forum defendant rule applies,
nonetheless. This Court will not address Plaintiffs' second argument because it
finds that Defendant McAvoy is a Pennsylvania citizen.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it
appears that the district court lacks subject matter jurisdiction, the case shall be
remanded." Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable
solely on the basis of the jurisdiction under section $1332(a)^1$ of this title may not be
removed if any of the parties in interest properly joined and served as defendants is
a citizen of the State in which such action is brought." This is known as the forum
defendant rule. If a defendant is the citizen of the state in which the plaintiff filed
the complaint, the forum defendant rule applies; thereby, the district court lacks
subject matter jurisdiction and the case must be remanded to the state court in
accordance with § $1447(c)$.[2] In the instant matter, Defendant McAvoy concedes
that he was served with Plaintiffs' Complaint in Pennsylvania before the Notice of
Removal was filed. ECF No. 48 at 30. Therefore, he is "properly joined and

---

[1] 28 U.S.C. § 1332(a) vests district courts with subject matter jurisdiction in civil actions where there is complete
diversity of citizenship between the parties.
[2] Remands based on lack of subject matter jurisdiction under 28 U.S.C. § 1447(c) are immune from review pursuant
to 28 U.S.C. § 1447(d). *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996).

served" according to the statute. However, there is a dispute as to whether Defendant McAvoy is a Pennsylvania or New York citizen. Defendant McAvoy lived his entire life in Pennsylvania until he graduated from college and started working as an investment banker analyst in New York in June 2018. *Id.* at 48.

1. Citizenship Requirements.

The party asserting diversity jurisdiction bears the burden of proof and must meet this burden by a preponderance of the evidence. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). The Third Circuit Court of Appeals in *McCann* laid out what a court must consider in determining an individual's citizenship for subject matter jurisdiction:

> Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning. In determining an individual's domicile, a court considers several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business. Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration.
>
> An individual can change domicile instantly. To do so, two things are required: [h]e must take up residence at the new domicile, and he must intend to remain there. But [a] domicile once acquired is presumed to continue until it is shown to have been changed. This principle gives rise to a presumption favoring an established domicile over a new one.

3

*Id.* at 286–87 (alterations in original) (internal quotations and citations omitted). "[T]he requisite intention to establish domicile, and therefore citizenship, is a factual finding." *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972).

2. Analysis.

Here, Defendant McAvoy submitted a declaration attesting to his New York citizenship. ECF No. 48 at 48. In this declaration, Defendant McAvoy represents that: he has been working in New York since June 2018; he rents an apartment in New York; he has a credit card that is billed to his New York residence; he plans on filing a New York State tax return for 2018; he was only served in Pennsylvania because he was at his parents' house for the holidays and that was the only time he had returned home since moving to New York; he has not posted anything on his Facebook account since May 2016; and he intends to remain in New York. *Id.* By the preponderance of the evidence, this declaration does not establish that Defendant McAvoy is no longer a Pennsylvania citizen. The weight of the evidence, including what Defendant McAvoy has *not* done, establishes his citizenship remaining in Pennsylvania.

As of February 14, 2019, approximately eight months after starting his new job, Defendant McAvoy has not transferred his Pennsylvania driver's license to New York. He has not changed his voter registration to New York. As of February 4, 2019, he has not changed his Facebook account, which states that he

4

lives in Wyomissing, Pennsylvania. He has not declared that he is part of any membership groups or unions in New York. He has not transferred any of his bank accounts from Pennsylvania to New York (he only opened a credit card that is billed to his New York residence). These examples are evidence of a lack of intent on Defendant McAvoy's part to remain in New York and never return to Pennsylvania. The fact that Defendant McAvoy took up residence in New York because of a post-graduation entry-level position, also, does not establish an intention to remain in New York. In addition, Defendant McAvoy's statement that he intends to remain in New York is not enough to overcome the presumption "favoring an established domicile over a new one." *McCann*, 458 F.3d 287.

The evidence simply does not demonstrate that Defendants have satisfied their burden in establishing that Defendant McAvoy intends to remain in New York for subject matter jurisdiction purposes. Because the preponderance of the evidence weighs in favor of Defendant McAvoy being a Pennsylvania citizen, the Court finds that Defendant McAvoy is a Pennsylvania citizen and remand is proper because this Court lacks subject matter jurisdiction pursuant to the forum defendant rule, 28 U.S.C. § 1441(b)(2).

## III. CONCLUSION

For the reasons stated above, Defendant McAvoy is a citizen of Pennsylvania for subject matter jurisdiction purposes. Because Defendant

McAvoy is a Pennsylvania citizen, this Court lacks subject matter jurisdiction, the forum defendant rule under 28 U.S.C. § 1441(b)(2) applies, and this matter shall be remanded back to the Court of Common Pleas for Northampton County in accordance with 28 U.S.C. § 1447(c). An appropriate order to follow.

**BY THE COURT:**

Dated: 3-4-2019

**CHAD F. KENNEY, JUDGE**